IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THANG QUOC VO | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv464 |
| J. FOX | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Thang Quoc Vo, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation.[1] This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner argues that he should be granted reinstatement of his petition for prosecution. However, his petition is not being dismissed for want of prosecution, rather the petition is being dismissed because habeas is not the proper avenue for relief of his claims. A favorable determination of his

---

[1] Petitioner filed a Motion to Correct Clerical Error (docket entry no. 11). Interpreted liberally, petitioner's motion is construed as objections.

claims would not automatically entitle petitioner to accelerate release from custody; thus, his claims do not arise under 28 U.S.C. § 2241. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *Bowen v. Reese*, 306 Fed. Appx. 59, 2009 WL 22885 (5th Cir. 2009) (unpublished). Prisoner claims having no relation to a prisoner's ultimate date of release from custody are not grounds for habeas relief. *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000). Accordingly, the petition should be dismissed.

Further, a review of the petition reveals petitioner had not exhausted available administrative remedies at the time he filed the petition, petitioner asserted that a response was pending. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). As petitioner did not exhaust available administrative remedies prior to filing this petition, the petition should be dismissed.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this 6 day of **July, 2012.**

_____
Ron Clark, United States District Judge